Susan F. Wilk, WA Bar 28250
Assistant Federal Public Defender
Email: Susan_Wilk@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>TRAVIS WILLIAM JUHR,<br><br>                      Defendant. | Case No. 3:26-mj-00022<br><br>MEMORANDUM IN OPPOSITION TO AUTOMATIC CONTINUANCE AND REQUEST FOR IMMEDIATE DETENTION HEARING |

Travis Juhr, through counsel Susan F. Wilk and Mark Ahlemeyer, submits this memorandum of law in opposition to the government's request to continue his detention hearing for three days, under 18 U.S.C. § 3142(f)(2)(B). He respectfully asks the Court to immediately hold a detention hearing under 18 U.S.C. 3142(f).

**I.    Procedural Background.**

Travis Juhr was arrested on a criminal complaint alleging a violation of 18 U.S.C. § 875(c) and made his initial appearance on February 11, 2026. Consistent with local practice and the provisions of 18 U.S.C. § 3154, before court, Mr. Juhr participated in an interview with a

pretrial services officer. That officer prepared a report recommending Mr. Juhr's release on conditions.

At the hearing, the government contended that the offense alleged in the complaint authorized the government to move for a detention hearing under 18 U.S.C. § 3142(f)(1)(E).[1] The government then moved to delay the hearing for three days, a delay the government argued was automatically authorized upon the government's request under 18 U.S.C. § 3142(f)(2)(B).[2] As relevant here, the last paragraph of that statute provides:

> The [detention] hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained[.]

Because Mr. Juhr's initial appearance took place on a Wednesday and the following Monday is President's Day, a federal holiday, the government's request functionally meant that Mr. Juhr would be subject to mandatory detention, suffering considerable hardship, before a

---

[1] Mr. Juhr does not contest the government's right to a detention hearing based on the allegation that the crime involved a minor. 18 U.S.C. § 3142(f)(1)(E). However, he argues that at such a hearing the government would bear the burden of proving no condition or combination of conditions could reasonably ensure the safety of the community and that Mr. Juhr would return to court.

[2] In *United States v. McLean*, the court cites the relevant provision as § 3142(f)(2)(B). 749 F. Supp. 3d 167, 170 (D.D.C. 2024). For clarity, Mr. Juhr follows this approach, although the statutory provision appears to apply to all detention hearings held under § 3142(f).

Page 2   Memorandum in Opposition to Automatic Continuance and Request for Immediate Detention Hearing

magistrate judge would decide whether the government could prove he should be detained while the charges were pending, under the Bail Reform Act.

Mr. Juhr objected. Following a recess, Mr. Juhr sought and obtained leave to present further argument regarding the construction of the statutory provision, which he contended afforded the Court the discretion to deny the government's continuance request. The government maintained that the Court lacked discretion to deny a continuance unless the length exceeded three days. The government opted not to present any argument or evidence to support a case-specific reason for the continuance.

The Court found it lacked discretion to deny the continuance request and scheduled the detention hearing for February 17, 2026. Howver, the Court invited Mr. Juhr to return with further authority to support his position. Subsequently, the Court emailed the parties to request that they return to further discuss the matter on February 12, 2026 (today's date), and the opinion in *United States v. McLean*, 749 F. Supp. 3d 167 (D.D.C. 2024), which holds that a continuance under § 3142(f) is not an automatic entitlement, but is subject to a judge's discretion under a balancing-of-interests standard.

II.    **Memorandum of Law**

    A.    **The Bail Reform Act was drafted with the aim of promoting liberty of presumptively innocent pretrial defendants and making detention the "carefully limited" exception.**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). A defendant who is confined pending trial suffers a significant loss of liberty implicating the due process clause of the Fifth Amendment and the excessive bail clause of the Eighth Amendment. *United*

*States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "[The] traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). "Unless [the] right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Id*. at 4.

Thus, except in rare circumstances, the Bail Reform Act of 1984 mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. *Motamedi*, 767 F.2d at 1405. Doubts regarding the propriety of release should be resolved in the defendant's favor. *Id*. (citations omitted). Tipping the balance in favor of the defendant derives from "the presumption of innocence and its corollary that the right to bail should be denied for only the strongest reasons." *Id*. at 1407.

> **B.    Consistent with the presumption of innocence and the statutory goal of protecting pretrial liberty § 3142(f) requires an "immediate" hearings on detention hearing and affords courts discretion to grant or deny continuances.**

At issue in this case is the last paragraph of § 3142(f)(2)(B), which stipulates that "[t]he [detention] hearing shall be held immediately upon the person's first appearance before the judicial officer" unless the defendant or the government "seeks a continuance." The statute further provides that "[e]xcept for good cause, … a continuance on motion of the attorney for the Government may not exceed three days[.]" Until the hearing takes place, the statute mandates that the defendant "shall be detained."

The government contends that because the statute requires a finding of "good cause" for a continuance exceeding three days, this is the *only* circumstance in which judicial discretion

Page 4  Memorandum in Opposition to Automatic Continuance and Request for Immediate
         Detention Hearing

comes into play, and it need not show "good cause"—or any cause at all—for a continuance of three days or less. According to the government, the fact that the defendant is automatically deprived of his liberty under this provision is not a relevant consideration. Mr. Juhr argues that Congress did not intend to grant the government an unreviewable end run around a defendant's liberty interest, and the government's interpretation conflicts with the statutory purpose and plain language.

In *McLean*, the district court found that allowing an automatic three-day delay on the government's motion is in tension with the requirement that the "hearing shall be held immediately." 749 F. Supp. 3d at 172; *see United States v. Al-Azzawy*, 768 F.2d 1141 (9th Cir. 1985), *abrogated on other grounds by United States v. Montalvo-Murillo*, 495 U.S. 711, 713 (1990) (stating that the prompt hearing standard is "necessary for due process"). The court in *McLean* reasoned that if a continuance is automatic upon request, that reading would neutralize "the controlling mandate" and "the exception becomes the rule." *Id*. The court observed that Congress knows how to create automatic rules but chose not to do so here: "When Congress intends to make a procedural mechanism automatic, it does so explicitly. For example, certain statutes have clear language mandating automatic stays." *Id*. at 171. n.2. But "automatic continuances … exist nowhere in the wild." *Id*. at 175 n.5. The court found further evidence for against the government's interpretation based on the statutory language "permitting the government to seek—not requiring the court to grant—a continuance." *Id*. at 173. If the statute provides that the government must "seek" a continuance, this is a request that the court has discretion to deny, not a trigger that, once pulled, strips the court of its characteristic decision-making authority. *Id*. at 172.

Page 5  Memorandum in Opposition to Automatic Continuance and Request for Immediate Detention Hearing

Construing § 3142(f) to preserve courts' traditional discretion over whether to grant a requested continuance also aligns with the broader purpose of the Bail Reform Act to address a "legitimate and compelling interest in promoting public safety, while simultaneously minimizing any infringement on the liberty of presumed innocent people." *Id*. at 173 (internal quotations and citation omitted); *see also United States v. Angiulo*, 755 F.2d 969, 972 (1st Cir. 1985) (explaining that the object of requiring detention to be decided at the initial appearance, coupled with the limited provisions for continuance, is to guarantee a speedy bail determination so as to prevent temporary detention without requisite findings and then holding the "key 'detention' hearing at some much later time"). The government's contrary reading would critically undermine these important interests that the Bail Reform Act is designed to protect.

    **C.    The statutory requirement of "good cause" for continuances longer than three days prevents further unjust incursions on liberty.**

The Bail Reform Act requires detention hearings to be held "immediately"; thus, government continuance requests of greater than three days are impermissible "unless" the government can show good cause for a longer continuance. 18 U.S.C. § 3142(f)(2)(B); *McLean*, 749 F. Supp. 3d at 174; *cf. Al-Azzawy*, 768 F.2d at 1146 (strictly construing good cause to exclude a mere scheduling conflict). The statutory structure reinforces that time is of the essence in all cases. Rather than relieving the government of its obligation to show that a continuance of less than three days is necessary, the "good cause" provision emphasizes the importance of close judicial supervision to minimize unjust incarceration of a pretrial defendant. The "good cause" requirement therefore imposes a higher bar on prosecutors seeking delays longer than the period prescribed by statute and curtails courts' discretion to *grant* more time, but it does not eliminate

courts' discretion to *deny* shorter continuances when they are not adequately justified under the normal interest-balancing standard.

**D.  If there is statutory ambiguity, the rule of lenity requires any doubt be resolved in Mr. Juhr's favor.**

As argued at Mr. Juhr's initial appearance, if the statute is ambiguous, the rule of lenity gives the benefit to the defendant. *McLean*, 749 F. Supp. 3d at 175. The rule of lenity applies to bail determinations as well as penal statutes. *Id.* Although Mr. Juhr believes there is no ambiguity about the court's discretion to grant or deny a continuance, any ambiguity here requires resolution in his favor. *Id*. For all these reasons, therefore, the Court should conclude that the fact that the government sought a continuance of the detention hearing did not divest the Court of its discretion to grant or deny the request.[3]

**E.  The government should be precluded from presenting further argument for a continuance.**

If the Court agrees that it has discretion to deny a request to continue a detention hearing, the Court should also preclude the government from bolstering its argument in support of a continuance now. The government knowingly chose to seek a continuance solely on its reading of the statute as establishing an entitlement. Though the defense urged the court to require the government to establish reasons for delay, such as an offer of proof, the government chose not to present evidence or argument to support its request.

---

[3] In *McLean*, the court found the appropriate standard for this determination would be a "balancing of hardships"—*i.e.*, the government's interest in delay against Mr. Juhr's interest in going forward.

Page 7 Memorandum in Opposition to Automatic Continuance and Request for Immediate Detention Hearing

## III. Conclusion

For the foregoing reasons, the Court should reconsider its ruling and hold that the provision in § 3142(f) authorizing the government to seek a three-day continuance of the detention hearing does not create an automatic entitlement, but is subject to the Court's discretionary determination after balancing the relative interests involved. The Court should make that assessment on the existing record given the government's knowing waiver of the opportunity to present further support for its request. Balancing the hardships, the Court should find that in this case involving a defendant with no criminal history, no presumption of detention, and strong prospects of success on pretrial release, Mr. Juhr is entitled to an immediate detention hearing.

Dated: February 12, 2026.

*s/ Susan F. Wilk*
Susan F. Wilk, WA Bar 28250

*s/ Mark Ahlemeyer*
Mark Ahlemeyer, Oregon Bar No. 095997